**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| CHAMBERS OF | MARTIN LUTHER KING COURTHOUSE |
|---|---|
| **SUSAN D. WIGENTON** | 50 WALNUT ST. |
| UNITED STATES DISTRICT JUDGE | NEWARK, NJ 07101 |
| | 973-645-5903 |

November 25, 2020

Kahlid Windley
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954
*Pro Se Defendant*

Elaine K. Lou, Esq.
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
*Counsel for the United States of America*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:**   *United States v. Windley*
    **Criminal Action No. 19-363 (SDW)**

Litigants:

Before this Court is Defendant Kahlid Windley's ("Defendant") *pro se* Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Motion.

**DISCUSSION**

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

> or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).[1] As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied 1) the procedural prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)).

B.

On May 16, 2019, pursuant to a Rule 11(c)(1)(C) plea, Defendant pled guilty to a one-count Information, which charged him with "knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin" in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846. (D.E. 214 at 2; D.E. 207.) On November 7, 2019, this Court sentenced Defendant to 96 months of imprisonment and 4 years of supervised release. (D.E. 209–211.) Defendant is currently serving his sentence at FCI Schuylkill in Minersville, Pennsylvania, and is scheduled to be released on or about June 14, 2025, assuming Defendant earns all possible good time credit. (D.E. 214 at 2.) Defendant has served approximately 27.5% of his 96-month sentence, excluding good time credit. (*Id.*)

On or about August 26, 2020, FCI Schuylkill Warden Scott Finley denied Defendant's July 29, 2020 request for compassionate release/reduction in sentence. (*Id.*; Ex. A to D.E. 214.) Defendant filed the instant Motion on October 9, 2020, and the Government opposed.[2] (D.E. 213, 214.)

Defendant contends that his release is warranted because his child's mother is physically unable to care for their fourteen-year-old daughter. (D.E. 213 at 2–3.) Furthermore, the Government's independent assessment of Defendant's medical records suggests that he is medically obese with a body mass index ("BMI") of 39, which is a co-morbidity factor that,

---

[1] The Sentencing Commission's Policy Statement identifies four categories of "extraordinary and compelling reasons," including: (A) the defendant's medical condition; (B) the defendant's age of at least 65-years combined with "serious deterioration in physical or mental health because of the aging process" when he or she "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;" (C) the defendant's unique family circumstances pertaining to caregivers of the defendant's minor children or spouse; or (D) other extraordinary and compelling reasons "other than, or in combination with, the reasons described" in the prior provisions. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, cmt. n.1 (A)–(D).

[2] Because Defendant filed the instant Motion more than 30 days after his request to Warden Finley, Defendant has exhausted his administrative remedies. *See United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020).

according to the Centers for Disease Control and Prevention ("CDC"), increases the risk of severe illness from the virus that causes COVID-19.  (*See* D.E. 214 at 4); *see also* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Nov. 25, 2020.)[3]

C.

This Court finds that Defendant has not established any "compelling and extraordinary reason" to justify his release as required by the FSA. *See Epstein*, 2020 WL 1808616, at *2.  In Defendant's *pro se* submission, he contends that the mother of his child (i) has undergone surgeries on her hand, (ii) suffers from back pain and rheumatoid arthritis, (iii) uses a cane, back brace, and hand splints, and (iv) takes heavy medication.  Although the Sentencing Commission's Policy Statement identifies "family circumstances" as one of four categories of "extraordinary and compelling reasons," this section applies only upon: (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1 (C).  The Court notes that it is unclear from Defendant's submission whether the mother of Defendant's child is presently his wife or registered partner.  Nonetheless, because Defendant has presented no evidence to this Court indicating that his child's mother is incapacitated, his Motion for Compassionate Release is denied on this ground.  *See United States v. Doolittle*, Crim. No. 19-501, 2020 WL 4188160, at *3–4 (D.N.J. July 21, 2020) (noting that defendant failed to present "medical documentation or other competent evidence demonstrating that his wife is incapacitated"); *see also United States v. Coote*, Crim. No. 16-046, 2020 WL 6161486, at *1 (M.D. Fla. Oct. 21, 2020); *United States v. Ellis*, Crim. No. 15-124, 2020 WL 5073562, at *3 (E.D. La. Aug. 26, 2020).

Second, even when defendants argue that their obesity justifies release and corroborates their condition,[4] courts have denied motions for compassionate release.  *See, e.g.*, *United States v. Bleicher*, Crim. No. 19-99, 2020 WL 2744606, at *3 (D.N.J. May 27, 2020) (denying compassionate release for a defendant with a BMI of 37.7); *see also United States v. Turner*, No. 10-30064, 2020 WL 6729065, at *3 (C.D. Ill. Nov. 16, 2020) (noting that even if defendant could establish extraordinary and compelling reasons because of his borderline severe obesity, the sentencing factors do not warrant compassionate release).  Accordingly, even if Defendant is

---

[3] According to the CDC, "obesity" is defined as those with a BMI higher than 30 and below 40, while "severe obesity" is defined as those with a BMI of 40 or above.  CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html (last accessed Nov. 25, 2020.)  The CDC considers both obesity and severe obesity as underlying conditions that increase the "risk of severe illness from the virus that causes COVID-19."  (*Id.*)

[4] To be clear, Defendant does ***not*** argue that release is warranted because his purported obesity increases his risk of contracting COVID-19.  (*See* D.E. 213.)  However, because the Government concedes that Defendant's medical records reflect a BMI of 39, and that Defendant's condition is "extraordinary and compelling for purposes of compassionate release" in light of COVID-19, the Court briefly addresses this point.

severely obese, application of the sentencing factors as discussed below weigh against Defendant's release.[5]

This Court must also consider the factors set out in 18 U.S.C. § 3553(a) when determining whether to grant a sentence reduction.[6] In doing so, this Court notes that Defendant participated in a drug trafficking organization ("DTO") by selling heroin and other narcotics daily for at least fifteen months. (*See* D.E. 214 at 5; *see also* D.E. 211 ("Sent. Tr.") at 14:13–15.) Significantly, Defendant admitted to his membership in a gang associated with the DTO, and his statements disavowing gang membership since 2016 were deemed non-credible given his continued association with other DTO gang members. (*See* D.E. 214 at 6 (citing Def's Presentence Report ("PSR") ¶ 139).) Furthermore, Defendant was previously convicted of four narcotics-related offenses, and two aggravated assaults, including one involving a threat with a weapon. (D.E. 214 at 6 (citing PSR ¶¶ 127, 129–31); *see generally* Sent. Tr.) Finally, the Court notes that pursuant to his Rule 11(c)(1)(C) plea, Defendant's 96-month sentence reflects a significant downward variance from the 188 to 235-month range he faced under the Sentencing Guidelines. (*See* Sent. Tr. at 13:22–14:2.) Given these points, this Court finds that reducing Defendant's sentence would not properly "reflect the seriousness of the offense," "afford adequate deterrence to criminal conduct," or "protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(2).

This Court is sympathetic to Defendant's concerns. However, for the reasons set forth above, this Court is satisfied that release under the FSA is not warranted.

## **CONCLUSION**

Defendant's Motion for Compassionate Release is **DENIED** without prejudice. An appropriate order follows.

                                                                          /s/ Susan D. Wigenton
                                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties

---

[5] Furthermore, FCI Schuylkill has no positive COVID-19 cases among the inmate population as of November 9, 2020, and only four positive cases among staff. (D.E. 214 at 2.) No inmates at the facility have died from COVID-19. (*Id.*) As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597.

[6] Here, the following § 3553(a) factors are applicable to this Court's analysis:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a)(1), (a)(2).